Nacogdoches County - District Clerk
C2439218

Filed 2/7/2024 9:05 AM
Loretta Cammack
District Clerk
Nacogdoches County, TX

JESSICA OLIVAREZ

CAUSE NO. C2439218 _____

| | | |
|---|---|---|
| VELTON CHADDICK, | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | 145th_____ JUDICIAL DISTRICT |
| | § | |
| THE KROGER CO. | § | |
| | § | |
| *Defendant.* | § | NACOGDOCHES COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION AND JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES VELTON CHADDICK (hereinafter referred to as "Plaintiff") complaining of THE KROGER CO. (hereinafter referred to as "Defendant"), and would respectfully show unto the Court as follows:

### DISCOVERY

1.   *Discovery Control Plan.* Pursuant to Rule 190.4 of the Texas Rules of Civil Procedure, Discovery Control Plan Level Three governs this lawsuit.

2.   *Required Initial Disclosures.* Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendant is required to disclose, within 30 days of after the filing of the first Answer, the information described in Rule 194.2 of the Texas Rules of Civil Procedure.

3.   *Production of Documents Self-Authenticating.* Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, the defendant named in this petition is hereby put on notice that its production of documents in response to written discovery authenticates the documents for use against the defendant in any pretrial proceeding or at trial.

### PARTIES

4.   Plaintiff VELTON CHADDICK is a resident of the State of Texas. He currently resides in Nacogdoches, Nacogdoches, County, Texas, and he has resided there at all times material to this lawsuit.

5.      Defendant is corporation organized under the laws of the State of Ohio and has its headquarters located at 1014 Vine Street, Cincinnati, Ohio, 45202. Defendant may be served with process by serving its registered agent, Corporation Service Company d/b/a CSC-Lawyers Inco located at 211 E. 7th Street, Suite 620, Austin, Texas 78701, and/or wherever any authorized agent may be found.

**MISNOMER/MISIDENTIFICATION**

6.      In the event any parties are misnamed or are not included herein, it is Plaintiff's contention that such was a "misidentification," "misnomer" and/or such parties were "alter egos" of parties named herein. Alternatively, Plaintiff contends that such "corporate veils" should be pierced to hold such parties properly included in the interest of justice.

**JURISDICTION & VENUE**

7.      This court has personal jurisdiction, both specific and general, over Defendant because Defendant availed itself of the laws of the State of Texas, and Defendant is amenable to service by a Texas court. Venue is proper in Nacogdoches County because it is the county in which all or a substantial part of the events or omissions giving rise to the claim occurred. *See* TEX. CIV. PRAC. & REM. CODE §15.002(a)(1).

8.      Plaintiff has suffered damages in an amount within the jurisdictional limits of this Court. Pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiff in good faith pleads the value of this case is over two hundred and fifty thousand dollars ($250,000.00) but not more than one million dollars ($1,000,000.00). Plaintiff reserves the right to amend these amounts if a jury awards an amount in excess of one million dollars ($1,000,000.00).

**STATEMENT OF FACTS**

9.      At all times relevant to this cause of action Plaintiff was employed by Defendant at Defendant's grocery store located at 3205 N. University Drive, Nacogdoches, Texas 75965. Defendant is an employer that is not a "subscriber" of workers' compensation insurance at all

times material to this action. At all times relevant to this suit, Defendant had a right of control over the means, methods, and details of Plaintiff's work and other workers at the grocery store in question.

10.     On or about February 2, 2023, Plaintiff was working in the course and scope of his employment with Defendant. On the day in question, Plaintiff was walking towards the recycling area to dispose of materials and unbeknownst to Plaintiff, a coworker left a battery-operated pallet jack with elevated forks in the walkway. Suddenly and without warning, Plaintiff's foot was caught underneath the elevated forks and caused Plaintiff to trip and fall.

11.     As a result of Plaintiff's position for Defendant, it was necessary for Plaintiff to use the route he was on when he tripped and fell, because it was necessary to pass through the walkway to dispose of the recycling material, to be able to perform his job duties, and there was no alternative route. Defendant should have anticipated that Plaintiff would be unable to avoid the unreasonable risks caused the pallet jack with elevated forks, despite Plaintiff's awareness.

12.     In addition to the negligence of Defendant through the actions of its employees, Defendant failed to provide its employees with a reasonably safe place to work, sufficient training to eliminate or minimize the unreasonably dangerous condition and failed to provide its employees with the instrumentalities and training necessary to avoid trip and falls.

13.     As a result of Defendant's negligence, Plaintiff suffered serious bodily injuries, including but not limited to a broken foot that resulted in surgery.

14.     Defendant failed to become a subscriber under the Workers' Compensation Act of this State, and Plaintiff makes a statutory non-subscriber claim against Defendant herein pursuant to Texas Labor Code § 406.033.

### VICARIOUS LIABILITY

15.     Plaintiff would show that Defendant is liable for the damages and injuries that were caused by the negligence of its agents, employees, independent contractors, representatives and/or

temporary workers, and liable for the acts or omissions of its agents, employees, independent contractors, representatives, and/or temporary workers, and any persons over whom Defendant retained control.

16.     Accordingly, any negligence of any of Defendant's employees that proximately caused or contributed to cause Plaintiff's incident and subsequent damages made the basis of this suit is attributable to Defendant under the doctrine of respondeat superior and said negligence is not a defense for Defendant pursuant to Texas Labor Code § 406.033(a)(3).

17.     Alternatively, and without waiving the foregoing, Defendant is liable under the doctrine of respondeat superior; master/servant; and/or principal/agent for the acts of their employees, agents, and representatives, whether through actual or apparent authority.

**PREMISES LIABILITY**

18.     While upon Defendant's premises and under its control, Plaintiff suffered damages that resulted in serious injuries caused by a dangerous condition on the premises, which Defendant actually knew or, in the exercise of ordinary care, should have known existed.  Defendant, its agents, servants and employees negligently caused or negligently permitted such condition to exist and negligently failed to warn Plaintiff of the condition of the premises, despite the fact that Defendant, its agents, servants and employees actually knew, or in the exercise of ordinary care, should have known of the existence of the condition and that there was a likelihood of someone being injured as happened to Plaintiff.

**NEGLIGENCE OF DEFENDANT**

19.     Plaintiff would show that his damages and injuries were caused by the negligence of Defendant, its employees, agents and representatives. Plaintiff would also show that Defendant owed a duty to Plaintiff because Defendant was Plaintiff's employer. Plaintiff would also show that Defendant breached said duty, and that such breach was a proximate cause of the injury and the resulting damages to Plaintiff. Defendant, its agents, employees, independent contractors,

representatives and/or temporary workers were negligent by breaching its duty to Plaintiff in one or more of the following alternative theories of negligence:

    a. Negligent storage of a pallet jack;
    b. Failure to store pallet jack in designated area away from pedestrian walkways and traffic;
    c. Negligence of Defendant's supervisors, in failing to train, qualify, and certify its employees to operate pallet jacks;
    d. Negligence in hiring persons with inadequate qualifications to operate a pallet jack;
    e. Negligence in hiring persons with inadequate qualifications, training, and safety experience;
    f. Failure to have a safety person/supervisor at the grocery store where Plaintiff's injury occurred;
    g. Failure to property educate, instruct, and supervise its employees in the performance of their duties;
    h. Failure to train on the safe operation of a pallet jack;
    i. Failure to warn Plaintiff of the danger;
    j. Failure to supervise;
    k. Failure to inspect the workplace;
    l. Failure to train, educate, test, and instruct their workers;
    m. Failure to establish and enforce safety rules and regulations for the grocery store in question;
    n. Failure of its employees to use due care to prevent injuries to co-workers and co-employees;
    o. Failure to follow safe work practices;
    p. Failure to furnish Plaintiff a safe place to work;
    q. Negligence in violating OSHA Standards 1910.178 et. seq. and 1910.145, et. seq.;
    r. Failing to maintain an adequate safety manual to specify the minimum safety requirements under OSHA 1926.200;
    s. Negligence in violating OSHA standards Section 1926.20(b) by failing to do one or more of the following: (a) initiating and maintaining such programs as may be necessary to comply with OSHA safety law, (b) failing to have a competent person (as defined by OSHA) perform frequent and regular inspections of the premises,  materials, and equipment, (c) Failing to have a competent safety person on the premises;
    t. Negligence in violating OSHA standards Section 1926.20, General Safety and Health Provisions, by permitting laborers to work in surroundings or under working conditions which are hazardous or dangerous to their health or safety;
    u. Plaintiff reserves the right to supplement other acts of negligence as discovery reveals further acts of negligence.

20. Each of which acts or omissions were other than what a reasonable and prudent grocery store would have been doing under the same or similar circumstances. Each of which acts or omissions was a proximate cause of Plaintiff's damages.

### DAMAGES

21.    As a direct result and proximate cause of the negligence of Defendant, Plaintiff suffered severe and disfiguring bodily injuries. Plaintiff has incurred expenses for medical care and attention and other expenses. These expenses incurred were necessary for the care and treatment of the injuries sustained by Plaintiff, and the charges made and to be made were the usual and customary charges for such services. Plaintiff will require further and substantial medical care and attention, treatment and therapy and will necessarily incur reasonable expenses in the future for such medical needs.

22.    As a further result of the occurrence, Plaintiff was prevented from working and has lost wage-earning capacity in the past and in the future. Plaintiff makes a claim for all past lost earnings and all future loss of earning capacity.

23.    Plaintiff was prevented from performing his household duties and will continue to be unable to perform his household duties in the future and makes a claim herein.

24.    Plaintiff has suffered pain and suffering in the past. Plaintiff will continue to suffer pain and suffering in the future.  Plaintiff makes a claim for all past and future pain and suffering.

25.    Plaintiff has suffered mental pain and anguish in the past. Plaintiff will continue to suffer mental pain and anguish in the future. Plaintiff makes a claim for all past and future mental anguish, separate and apart from his claim for pain and suffering.

26.    As a result of the injuries, Plaintiff has suffered and will continue to suffer impairment to his body.  Plaintiff makes a claim for all past and future impairment to his body.

27.    Plaintiff has suffered disfigurement and makes a claim for disfigurement herein.

### CLAIM FOR PUNITIVE DAMAGES

28.    Plaintiff is entitled to punitive damages because of Defendant's gross negligence. Defendant's acts or omissions, when viewed objectively from the standpoint of Defendant at the time of their occurrence, involved an extreme degree of risk, considering the probability and

magnitude of the potential harm to others and of which the Defendant had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others. Plaintiff is entitled to punitive damages in a sufficient amount to punish Defendant for its reckless, heedless and intentional conduct and to set an example for others that such conduct will not be tolerated.

**PRAYER**

29.    **WHEREFORE, PREMISES CONSIDERED,** Plaintiff requests that the Defendant be cited to appear and answer, and that upon final hearing, Plaintiff have judgment against Defendant for all relief requested, for pre-judgment interest, post judgment interest, for costs of this suit, and for such other and further relief, general and special, at law or in equity, to which Plaintiff is justly entitled.

**Espinoza & Brock, PLLC**
www.espinozabrock.com
877.229.3232
*San Antonio Office:*
10202 Heritage Blvd.
San Antonio, TX 78216
210.229.1300 t
*El Paso Office:*
221 N. Kansas St.
Suite 1900
El Paso, TX 79901
915.248.0808 t

**ELIAS HERNÁNDEZ**
Texas Bar No. 24118044
eli@espinozabrock.com
**LARA BROCK**
Texas Bar No. 24085872
lara@espinozabrock.com
**JAVIER ESPINOZA**
Texas Bar No. 24036534
javier@espinozabrock.com

**ATTORNEYS FOR PLAINTIFF**